Toothaker *v.* Allen.

HARVEY P. TOOTHAKER *versus* A. J. ALLEN *& al.*, AND E. J. ALLEN, *Trustee.*

The general denial of liability by a trustee, is in the nature of a plea, and subject to a full subsequent investigation by question and answer.

A trustee must, by his disclosure, distinctly and unequivocally negative the idea that he had funds of the principal defendant in his possession, or he will be charged.

If the trustee, in his disclosure of facts, is vague and unsatisfactory; or if, keeping accounts with the principal defendant, he fails to state them; or if, doing business with the principal defendant, and not keeping such accounts, he fails to assign a sufficient reason for the neglect; he must be charged.

EXCEPTIONS on trustee's disclosure. From *Nisi Prius*, RICE, J., presiding.

The trustee in this case, having made a disclosure, was discharged, to which the plaintiff excepted.

The case was submitted to the full Court without argument.
*Larrabee*, for trustee.

CUTTING, J.—The trustee, in his introductory and general
answer, denies, in the language of the statute, all liability as
the trustee of the principal defendants, at the time of the ser-
vice of the process upon him. But such a denial must be
considered in the nature of a plea, which is to be sustained
by answers to interrogatories propounded by the plaintiff, if
he seeks an investigation and gives the trustee a full oppor-
tunity to disclose the true business relations subsisting be-
tween himself and the defendants; otherwise the trustee
would be constituted the judge of the law as well as of mat-
ters of fact, with the exclusive privilege of drawing inferences
and conclusions, which more properly belong to the Court.
The trustee has had such an opportunity, and his disclosure
of facts is vague and unsatisfactory, tending to show either
that he covers the defendants' property, or that he may be in-
debted to them. If he keeps accounts, he should have stated
them, or have given some sufficient reason for his neglect.
*Sebor* v. *Armstrong & Trustee,* 4 Mass. 206; *Shaw* v. *Bunker,*
2 Met. 376. He may have been indebted to his brothers to
the amount of hundreds of dollars, from any thing which ap-
pears to the contrary in his disclosure, and still have eluded
the charge of perjury. On *scire facias,* perhaps, he may have
another opportunity of disclosing a more definite state of
facts.        *Exceptions sustained and Trustee charged.*

TENNEY, C. J., and RICE, APPLETON, and MAY, J. J., con-
curred.